UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-P955-H

**BRIAN L. CLEMENTS**                                            **PETITIONER**

**v.**

**JAILER BOBBY WAITS**                                         **RESPONDENT**

## MEMORANDUM OPINION

Unrepresented by counsel, the petitioner, Brian Clements, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Upon review of the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directed Clements to show cause why this action should not be dismissed for failure to exhaust all available state court remedies. Clements failed to respond.

Although not the model of clarity, it appears from the petition that Clements is arguing that he is being held pursuant to a judgment that he has already served out. Problematic, however, is that it does not appear that Clements has litigated this issue in the state courts.

A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b);[1] *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."). Exhaustion requires that a petitioner

---

[1] Section 2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus ... shall not be granted unless it appears that:
(A) the applicant has exhausted the remedies available in the court of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). A state prisoner must present the substance of every claim he intends to raise in a § 2254 petition to all levels of state court review before pursuing relief in federal court. However, where a prisoner's failure to present a claim to the state court bars state court consideration of the claim, an exception to the exhaustion requirement is made, since further resort to the state courts would be futile. *See Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Clements has not demonstrated either that he exhausted his claims or that exhaustion at this point would be futile. Accordingly, by separate Order, the Court will dismiss this action for failure to exhaust.

## **CERTIFICATE OF APPEALABILITY**

In the event Clements wishes to appeal any aspect of this Court's decision, he is required to obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11 of the Rules Governing Section 2254 Cases.

When a district court dismisses a petition on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, Clements is not entitled to a COA.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Petitioner, *pro se*

4412.008